No. 43,189

The City of Topeka, *Appellant,* v. Robert Mooberry, *Appellee.*

(380 P. 2d 371)

Opinion filed April 6, 1963.

*Donald S. Simons,* of Topeka, argued the cause and *John W. Lewis, William B. McCormick* and *C. Bruce Works,* all of Topeka, were with him on the briefs for the appellant.

*Reese H. Robrahn,* of Topeka, argued the cause and *William R. Brady,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: This is an appeal by the City of Topeka in a criminal case. The appellee, hereinafter referred to as the defendant, was charged with driving under the influence of intoxicating liquor as defined by 26-1004 of the Code of the City of Topeka, 1959, Revised. The defendant was tried on March 26, 1962, by a jury and the jury brought in a verdict finding defendant guilty. Thereafter, defendant was allowed five days within which to file a motion for new trial. The motion was timely filed on March 31, 1962, and included the following grounds: The court admitted illegal testimony; the court misdirected the jury in a material matter of law; and the verdict of the jury is contrary to the law and competent evidence.

The motion for new trial came on for hearing on May 1, 1962, the thirty-first day after the motion had been filed.

The following account of the hearing shows that the only point raised by the city is that the court should not have taken up the motion because more than thirty days had elapsed since the filing

of the motion which, the city claimed, was contrary to the provisions of G. S. 1949, 62-1723.

"Mr. Simons: The City objects to taking up this motion by reason of G. S. 1949, 62-1723, which provides that within five days after a verdict or judgment wherein a defendant is found guilty of a criminal offense the defendant must file a motion for a new trial, and that the motion shall be heard as expeditiously as possible but in no event later than thirty days after that motion for new trial is filed. The applicable dates on this case are that the defendant was tried by a jury on March 26, 1962, the motion for new trial was filed on March 31, 1962, that inasmuch as today is May 1, 1962, more than thirty days has elapsed since the date the motion for new trial was filed, the same being March 31. For that reason we feel that 62-1723 as stated earlier controls and the Court should not hear the motion at this time and the defendant is barred from presenting his motion for a new trial.

"The Court: Well, as I understand, this motion was called at the call of the motion docket on April 20.

"Mr. Simons: That's correct.

"The Court: And at that time counsel for the defendant wanted a continuance until the following Friday. They wanted to get some authorities together to submit which was agreed to by counsel for the City. You had no objection to it as I understand.

"Mr. Simons: I had no objection because of the way it was put to the City at that time, they would like to continue it to prepare a brief. There was no time so far as I recall.

"The Court: And the Court granted that permission to counsel.

"Mr. Simons: That's Correct.

"The Court: Then the following Friday, I believe, counsel for defendant appeared.

"Mr. Brady: Yes, that was last Friday.

"The Court: And counsel for the City was out of town, so I understand counsel for defendant were prepared to argue it at that time.

"Mr. Brady: That's correct.

"The Court: Of course, we have a motion for new trial that was timely filed, on file at the beginning of this term, no sentence has been imposed in this case. I think certainly until sentence has been imposed this Court has a right to control over a verdict prior to the time sentence is imposed, and since the motion for new trial was timely filed, this Court of necessity must have the right to rule on the motion. I recognize what the statute says, but I can hardly blame the defendant because defendant's counsel were here last Friday to take the matter up; so I am going to overrule your objection. I think through no fault of the defendant in this case this matter went beyond the thirty days, and I don't think it's jurisdictional anyway because it's a matter within the term. It doesn't say if the Court fails to act it loses jurisdiction. I'd like to hear now counsel argue on the merits of his motion."

It will be noticed in the above account, defendant endeavored to take up the motion before the expiration of the thirty day time limit

imposed by the above statute. It hardly seems fair to try to impose the time limit in such a case when the counsel for the city had been accommodated. But despite all this, we cannot see that the trial court lost jurisdiction and under the circumstances of this case we have no question in the matter.

The city attorney has filed an affidavit as provided in G. S. 1949, 13-613 which announced, apparently for the first time, that the city was reserving the question of a motion to dismiss the motion for new trial. It will be noted that in the notice of appeal the city did not appeal from the order granting the motion for new trial, although it is specified as an error. We doubt then that the city as the appellant has in fact appealed from an appealable order. A motion to dismiss a motion for new trial where the motion was denied would certainly not be an appealable order.

Under all the facets of the above case, we feel that the order should be that the appeal be dismissed rather than affirmed. It is so ordered.

Price and Schroeder, JJ., concur in result.